UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CONNIE LEE** | * | CIVIL ACTION |
| | * | |
| **VS.** | * | NO. 2:20-CV-1075 |
| | * | |
| **SAKS FIFTH AVENUE, LLC and** | * | SECTION " " |
| **HUGO BOSS RETAIL, INC.** | * | |
| | * | JUDGE: |
| | * | |
| | * | MAG. JUDGE |

*************************************

## NOTICE OF REMOVAL

Defendant, Saks Fifth Avenue, LLC ("Saks Fifth" or "Defendant"), hereby gives notice of the removal of this case from the Civil District Court for the Parish of Orleans (Civil Action No. 2020-08560, Sec. 16, Div. "A"), State of Louisiana, to the United States District Court for the Eastern District of Louisiana, on the following grounds:

1.

Pursuant to Local Rule 3.2, the parties remaining in this action are:

- Plaintiff Connie Lee
- Defendant Saks Fifth Avenue, LLC
- Defendant Hugo Boss Retail, Inc.

2.

Defendant Saks Fifth Avenue, LLC bases this removal on diversity jurisdiction per 28 U.S.C. §§ 1332 and 1441, *et seq.* This Court has subject matter jurisdiction per 28 U.S.C. § 1332. Removal is proper per 28 U.S.C. §§ 1332 and 1441.

3.

Venue is proper in the United States District Court for the Eastern District of Louisiana

because the Civil District Court for the Parish of Orleans, State of Louisiana, is within the Eastern District of Louisiana.

4.

Plaintiff Connie Lee filed a Petition for Damages against Defendant and Hugo Boss Retail, Inc. ("Hugo Boss") on October 8, 2020 in the proceeding entitled *Connie Lee vs. Saks Fifth Avenue, LLC and Hugo Boss Retail, Inc.,* bearing Civil Action No. 2020-08560, Civil District Court for the Parish of Orleans, State of Louisiana.[1] Plaintiff alleges that she was injured when a gate/door of a freight elevator fell on her while she was performing cleaning services.[2]

5.

Plaintiff's Petition for Damages named two Defendants, Saks Fifth and Hugo Boss, that are both non-diverse for purposes of determining whether this action is removable.

6.

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446(b)(1). This Notice of Removal is filed within 30 days of Defendant's receipt of Plaintiff's Petition for Damages, which occurred when Defendant was served on October 22, 2020.

7.

Removal of this action from state court to federal court is authorized by the diversity jurisdiction and removal statutes, 28 U.S.C. §§ 1332, 1441, *et seq.*

---

[1] Petition for Damages, attached as Exh. A.

[2] *Id.* at Para. 4.

8.

A defendant may remove an action on the basis of diversity of citizenship if there is complete diversity between the named plaintiffs and all properly-joined and served defendants and no defendant is a citizen of the forum state.[3] Complete diversity exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant."[4]

9.

Plaintiff Connie Lee is a resident and domiciliary of the State of Louisiana.[5] Accordingly, at the time this action was commenced and at the time of filing of this Notice of Removal, Plaintiff was and is a citizen of Louisiana for purposes of diversity jurisdiction.

10.

For diversity purposes, a limited liability company is a citizen of the state(s) of its members.[6] For diversity purposes, a corporation is a citizen of the state where it was incorporated and the state where it maintains its principal place of business.[7]

11.

The citizenship of each Defendant is as follows:

    (a)    Defendant Saks Fifth Avenue, LLC is a Massachusetts limited liability company. The sole member of Saks Fifth Avenue, LLC is Saks & Company, LLC,

---

[3] *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005).

[4] *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 67-68 (1996).

[5] Petition for Damages, attached as Exhibit A.

[6] *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC,* 757 F.3d 481, 483 (5th Cir. 2014).

[7] 28 U.S.C. §1332(c)(l); *Lincoln Prop. Co.*, 546 U.S. at 88-89; *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

which is a Delaware limited liability company. The sole member of Saks & Company, LLC is Saks Incorporated. Saks Incorporated is a Tennessee corporation with its principal place of business in New York. Since none of its members are citizens of Louisiana, Saks Fifth Avenue, LLC is not a citizen of Louisiana and is diverse from Plaintiff.

(b) Upon information and belief, Defendant Hugo Boss Retail, Inc. is a Delaware corporation with its principal place of business in New York. Therefore, Hugo Boss Retail, Inc. is not a citizen of Louisiana and is diverse from Plaintiff. As required by 28 U.S.C. § 1446(b)(2)(A), Hugo Boss Retail, Inc. has consented to the removal of this action.

12.

No properly-joined and served defendant in this matter is a citizen of the State of Louisiana. Thus, complete diversity exists among the parties in accordance with 28 U.S.C. §§ 1332, 1441, *et seq*.

13.

Although Defendant denies liability, Defendant states that the amount in dispute clearly exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs. Where a Defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper.[8] The defendant can meet its burden if it is "facially apparent" from the face of the petition that the claims likely exceed $75,000.[9]

---

[8] *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

[9] *See Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).

14.

In her Petition for Damages, Plaintiff alleges that an "upper gate/door of the freight elevator, fell on petitioner, striking her about the head, neck and body, causing her to fall and sustain" injury.[10] Plaintiff allegedly suffered: 1) severe sprain and/or strain of the cervical spine; 2) herniated and/or ruptured discs of the cervical spine; 3) severe sprain and/or strain of the lumbar spine; 4) herniated and/or ruptured discs of the lumbar spine; 5) bruises and/or ruptured discs of the lumbar spine; 6) bruises and/or contusions to both shoulders; and 7) emotional upset and distress.[11] Plaintiff itemized her damages as: 1) past, present, and future pain and suffering; 2) residual and/or permanent disability; 3) past, present, and future, emotional upset, distress, and mental anguish; 4) past, present, and future medical bills; 5) doctor bills, hospital, and drug expenses.[12]

15.

It is facially apparent from Plaintiff's Petition for Damages that Plaintiff's claims create an amount in controversy that exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs. Accordingly, the amount in controversy requirement is satisfied pursuant to 28 U.S.C. § 1332.

16.

A copy of this Notice of Removal will be filed with the Clerk of Court of the Civil District Court for the Parish of Orleans, State of Louisiana. All parties will likewise receive a timely copy of this Notice of Removal.

---

[10] Petition for Damages, attached as Exhibit A, Para. IV.

[11] *Id.* at Para. VII.

[12] *Id.* at Para. VIII.

WHEREFORE, Saks Fifth Avenue, LLC prays that the above-entitled state court action, now pending in the Civil District Court for the Parish of Orleans, State of Louisiana, be accepted as removed to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**MG+M LAW FIRM**

 s/Vikram S. Bhatia
Jeanette S. Riggins (LSBA No. 27056)
Christopher O. Massenburg (LSBA No. 26989)
Meghan B. Senter (LSBA No. 34088)
Vikram S. Bhatia (LSBA No. 37586)

One Canal Place
365 Canal Street, Suite 3000
New Orleans, Louisiana 70130
Phone: (504) 535-2880
Fax:    (504) 535-2886
Email: JRiggins@mgmlaw.com
            CMassenburg@mgmlaw.com
            MSenter@mgmlaw.com
            VBhatia@mgmlaw.com

**ATTORNEYS FOR DEFENDANT SAKS FIFTH AVENUE, LLC**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have on this 6th day of November, 2020, served the foregoing on all counsel of record via the Court's ECF/PACER system.

 s/Vikram S. Bhatia